UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRENCE B. CONNER, | Civil Action No. 21-14193 (MAS) (TJB) |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| OFFICER REED, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Terrence Conner's application to proceed *in forma pauperis* (ECF No. 3) and the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application is therefore granted. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual

allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his complaint, Plaintiff alleges that in early June 2021, while in the Ocean County Jail, Defendant Officer Reed "punched [him] in the face," cracking his tooth and requiring dental work to repair. (ECF No. 1 at 4.) Plaintiff received institutional disciplinary charges, for which he appeared before Defendant O'Ruke, who found that the use of force was a reasonable response to Plaintiff's "resisting and spitting at officers" to "get him to stop spitting" at the officers and that Plaintiff was guilty of the disciplinary charges. (Document 1-1 at 4.) Plaintiff claims that this decision was made "without due process," but does not spell out in what way he believes he was

denied procedural protections. (*Id.* at 3.) As a result of this guilty finding, he received "30 days" detention, which appears to be a placement in some form of restrictive housing within the jail. (*Id.*) Based on these allegations, Plaintiff appears to be raising an excessive force claim against Defendant Reed, a Due Process claim against Defendant O'Ruke, and both against their employer, the county jail.

Having reviewed the complaint, this Court finds no basis for dismissing the excessive force claim against Defendant Reed, and will permit that claim to proceed at this time. Turning to the county jail, however, this Court finds that the Ocean County Jail is not a proper Defendant in a § 1983 action as a county jail is not a "person" subject to suit under the statute as it is merely an arm of the county which operates the facility. *See, e.g., Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). Plaintiff's claims against the jail must therefore be dismissed with prejudice.

Plaintiff's Due Process claim against Defendant O'Ruke must also be dismissed at this time. In order to plead a claim for the denial of due process arising out of jail disciplinary proceedings, a plaintiff must plead that he possessed a valid liberty interest – such as the right of a pretrial detainee to not be placed in restrictive housing indefinitely without explanation, and that they were denied adequate procedural protections before being denied that interest. *See, e.g., Stevenson v. Carroll*, 495 F.3d 62, 69-70 (3d Cir. 2007). In his complaint, Plaintiff provides only vague allegations of the punishment he received from his disciplinary charges – thirty days "detention" which may or may not amount to placement in restrictive housing – and provides nothing more than a conclusory allegation that he was denied due process at his disciplinary hearing without further elaboration. As Plaintiff has not clearly alleged what procedural protections he was denied or alleged facts indicating *how* Defendant O'Ruke denied him due

3

process, his disciplinary related Due Process claim must be dismissed without prejudice for failure to state a claim for relief. *Id.*

**IT IS THEREFORE** on this 4th day of January, 2022, **ORDERED** that:

1. The Clerk of the Court shall **RE-OPEN** this matter.

2. Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is **GRANTED.**

3. Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of New Jersey and the warden of the Ocean County Jail.

4. Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid.

5. Pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full.

6. Pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the

4

preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited.

7.  Plaintiff's excessive force claim shall **PROCEED** against Defendant Reed only at this time.

8.  Plaintiff's claims against the Ocean County Jail are **DISMISSED WITH PREJUDICE.**

9.  Plaintiff's Due Process claim against Defendant O'Ruke is **DISMISSED WITHOUT PREJUDICE.**

10. The Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for Defendant Reed.

11. Plaintiff shall complete the form and return it to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.

12. Upon Plaintiff's sending of the completed form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendant Reed pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States.

13. Defendant Reed shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2).

14. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

5